UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Nos. 3:07-00005 |
| | ) | JUDGE CAMPBELL |
| JOSE ALFARO | ) | |

MEMORANDUM AND ORDER

Pending before the Court are the Defendant's Motion For Modification Or Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) (Guideline Amendment 782) (Docket No. 1064), and the Government's Response (Docket No. 1066) thereto.

Through the Motion, the Defendant requests a reduction in his sentence based on Amendment 782 to the United States Sentencing Guidelines. Amendment 782, which went into effect on November 1, 2014, reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses. (Background Information Section of Frequently Asked Questions: Retroactive Application of the 2014 Drug Guidelines Amendment, *available at* http://www.ussc.gov.) The Amendment was given retroactive effect, but offenders may not be released from prison based on the Amendment earlier than November 1, 2015. *Id.;* U.S.S.G. § 1B1.10(d), (e).

A sentence of imprisonment is a final judgment and may be modified by a district court only in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010). A limited exception to the general rule of finality is authorized by 18 U.S.C. § 3582(c)(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered and made retroactive by the Sentencing Commission. Section 3582(c)(2) provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>
> * * *
>
> > (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted," the court is to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

The Defendant pled guilty, pursuant to a Rule 11(c)(1)(C) plea agreement, to conspiracy to conduct and participate in the activities of a racketeering enterprise, in violation of 18 U.S.C. § 1962(d), part of the Racketeer Influenced And Corrupt Organizations ("RICO") statute. (Docket Nos. 572, 573). At the subsequent sentencing hearing, the Court sentenced the Defendant to the agreed sentence of 240 months of imprisonment. (Docket Nos. 696, 697, 698, 1025).

The Defendant was not charged with a drug trafficking offense, and his sentence was not based on the Drug Quantity Table in Section 2D1.1 of Sentencing Guidelines. Rather, Defendant's sentence was based on the guideline governing RICO offenses, Section 2E1.1, and

the 20-year maximum sentence set forth in the racketeering statute, 18 U.S.C. § 1963. (Docket Nos. 573, 1025).  Consequently, the Defendant's guideline range has not been lowered as a result of Amendment 782's reductions to the Drug Quantity Table in Section 2D1.1. Accordingly, the Defendant's request for a sentencing reduction is DENIED.

It is so ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE